GROSS, J.,
concurring specially.
I write to emphasize that the record presents reasons for a downward departure that support the circuit court’s sentencing decision, in addition to the ground contained in subsection 921.0026(2)(d).
For the purpose of deciding whether to downwardly depart from the lowest permissible guidelines sentence, section 921.0026, Florida Statutes (2009) does not limit a sentencing judge to those “mitigating factors” specified in subsection 921.0026(2). Rather, subsection 921.0026(1) states that a judge is “prohibited” from downwardly departing
unless there are circumstances or factors that reasonably justify the downward departure. Mitigating factors to be considered include, but are not limited to, those listed in subsection (2).
(emphasis added). The statute thus allows the sentencing judge some discretion in identifying those mitigating factors and circumstances that justify a downward departure.
Here, in addition to Chubbuck’s mental health and physical problems under subsection 921.0026(2)(d), the trial court also considered his age and the fact that he was not a danger to the general public. The court’s sentence was consistent with research by criminologists and the sound utilization of the resources of the Department of Corrections. In 1995, in discussing the imposition of long, mandatory sentences for “three strikes” offenders,[3] the Florida Task Force for the Review of the Criminal Justice and Corrections Systems, a commission created by the legislature at Chapter 93-404, Laws of Florida, observed:
Most criminologists believe that the years between ages eighteen and thirty-four are the high crime years. As offenders age, they tend to commit fewer offenses. Many criminologists believe that incarcerating offenders well past their high crime years may be a poor use of expensive resources, especially if younger, more violent, and crime-prone offenders are released early after their first or second conviction because of limited space. In addition, older prison populations tend to have more frequent and expensive medical problems adding to the drain on resources.
Final Report, Florida Task Force for the Review of the Criminal Justice and Corrections Systems (January, 1995), p. 59.

. “Basically, three strikes legislation imposes life (or extremely long) sentences on offenders who are convicted of a third felony. The legislation varies in the number of offenses (two in some states, including Georgia) needed to trigger the sanction, the type of offenses (in some states, the offenses must be violent felonies), and the method by which they were enacted....” Final Report, Florida Task Force for the Review of the Criminal Justice and Corrections Systems (January, 1995), p. 59.